[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Deborah W. Newton, age 42, whose maiden name was Deborah Woodward, and the defendant, Daniel C. Newton, age 42, were married at Litchfield, Connecticut on June 3, 1972. There are three children issue of the marriage, Carrie Anne Newton, born June 16, 1973 and two minor children, Daniel Charles Newton, born February 13, 1975 and Elizabeth Burke Newton, born March 28, 1980.
After seventeen and a half years, the defendant informed his wife that he wanted a divorce and vacated the family home in the spring of 1990. After a couple of weeks, he moved in with one Carolyn Weinberg, with whom he still resides. Ms. Weinberg pays all the support for the defendant although prior to their residing together she had compensated him for work done on her home.
The primary cause of the breakdown of the marriage is the unilateral decision of Mr. Newton to distance himself from his family. He did, in addition, testify that there was a lack of communication between the husband and wife and a difference in personalities with his wife being social and he being introverted.
Mr. Newton since the separation has been paying the mortgage, electricity, medical insurance and car insurance. At the present time he is unemployed but expects to return to work March 1, 1992 earning gross wages of $490.00 with a net of $216.32 weekly. Mrs. Newton has just obtained a job paying a gross of $153.00 with an approximate net of $110.00 per week. The plaintiff shows joint debts on her financial affidavit of $6,926.98 as follows:
Dr. Fairbanks $ 52.00 CT Page 11274 Charlotte Hungerford Hospital 183.25 Harold Sons 345.73 Dr. Moon 72.00 Woodridge Lake Sewer Lien 2,199.47 Woodridge Lake Association Dues 2,300.00 Goshen Oil 523.00 Dr. Mactal 1,000.00 Trash Collection 33.00 Car Taxes 218.53
In addition she owes $7,921.00 on a 1991 Hyundai automobile.
The defendant shows debts of $18,175.00 including:
 Visa $ 350.00 Hart's Lumber 1,250.00 Iffland Lumber 1,700.00 B. P. Oil 550.00 Goshen Oil 500.00 Charlotte Hungerford Hospital 300.00 Herold Sons 350.00 Sears 1,200.00 1990 Federal Taxes 2,000.00 1991 Federal Taxes 3,700.00 Carolyn Weinberg 6,000.00 Victoria Pansa, CPA 275.00
The defendant shows a loan debt on his truck of $5,500.00
The major asset of the parties is the family home located at 69 Cornwall Drive, valued between $180,000.00 and $200,000.00 with a mortgage of $43,000.00. This property, presently on the market, has a water problem which will cost $5,000.00 to remedy.
Both parties are in reasonably good health although the plaintiff is under a doctor's care for high blood pressure. The defendant is a qualified carpenter and has a superior earning capacity to that of the plaintiff. He is presently pursuing a degree in biology.
Taking all factors into consideration including the length of the marriage, the health of the parties, their employability and the cause of the breakdown, the court enters the following orders: CT Page 11275
1. A decree of dissolution shall enter on the grounds of irretrievable breakdown.
2. Custody of the minor children is awarded to the plaintiff. The defendant shall have reasonable, liberal and flexible visitation.
3. The defendant shall pay to the plaintiff support of the minor children ninety five ($95.00) dollars per week until February 13, 1993 for both minor children and thereafter sixty ($60.00) dollars per week for the minor child Daniel Charles Newton.
4. A. The defendant shall continue to provide medical insurance in the form presently in place for the benefit of the minor children.
B. The defendant husband shall pay all unreimbursed medical, dental optical, prescriptive, psychological, psychiatric and orthodontic, expenses for the insured children. No orthodontic expenses shall be incurred without the consent of both parties, but neither party shall unreasonably withhold said consent.
5. The defendant shall maintain a life insurance policy insuring his life in an amount of at least $15,000.00 so long as he is obligated to pay alimony and child support.
6. The defendant shall pay alimony to the plaintiff in the amount of $100.00 per week payable bi-weekly until January 1, 2003, commencing one week after the sale of the marital home.
7. The plaintiff wife shall have the minor child, Elizabeth Burke Newton as her income tax deduction and the defendant husband shall have the minor child Daniel Charles Newton, Jr.
8. A. The marital home shall remain on the market for sale at a mutually agreeable price and shall remain on the market until sold. Said premises shall remain in joint names until sold. While the premises remain on the market, the wife shall have the right of sole occupancy. The husband shall be solely responsible for the payment of the mortgage, taxes, utilities and insurance. The husband shall be responsible for the association dues and the sewer use tax as well as any special assessments until the home is sold. At the time of the sale of the property, after deducting commissions, pay off the first mortgage and normal closing costs, CT Page 11276 the plaintiff shall receive seventy-five percent (75%) of the equity and the defendant husband shall receive twenty-five (25%) of the equity.
B. From the defendant's share, the following bills shall be paid at the time of closing:
 B. P. Oil $ 550.00 Goshen Oil 500.00 Charlotte Hungerford Hospital 300.00 1990 Federal Taxes 2,000.00 1991 Federal Taxes 3,700.00
Judgment shall enter accordingly.
PICKETT, J.